UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>$247,052.54, et al.,<br><br>          Defendants,<br><br>CODY K. DOBBS,<br><br>          Claimant. | No. C-05-4798 SC<br><br>ORDER GRANTING MOTION TO EXTEND TIME <u>NUNC PRO TUNC</u> FOR FILING OPPOSITION TO MOTION TO LIFT STAY |

**I.   INTRODUCTION**

Before the Court is Plaintiff United States' ("the Government") Motion to Extend Time, <u>Nunc Pro Tunc</u>, for Filing an Opposition to Claimant's Motion to Lift Stay and Provide Claimant with an Opportunity to Reply ("Motion to Extend Time").  <u>See</u> Docket No. 31.  Claimant Cody Dobbs ("Dobbs") objects to the Government's untimely filing ("Objection").  <u>See</u> Docket. No. 32. For the reasons discussed herein, the Court GRANTS the Government's Motion.

On November 14, 2006, the Court stayed this case pursuant to

1 a stipulation of the parties. See Docket No. 21. On March 30,
2 2007, Dobbs filed a Motion to Rescind Order Pursuant to 18 U.S.C.
3 § 981(g) Staying the Proceedings ("Motion to Rescind Stay"), a
4 Motion for Order Shortening Notice Time to 10 Days to Hear
5 Claimant's Motion to Rescind Stay of Case, and a Motion for
6 Summary Judgment. See Docket Nos. 24, 26, 27. The Court denied
7 the Motion to Shorten Time. See Docket No. 30. Because the Court
8 did not shorten the time, the hearing on the Motion to Rescind
9 Stay was set for hearing on May 25, 2007, with the Government's
10 Opposition Brief to be filed no later than May 4, 2007.

11 Due to an error on the part of the Assistant United States
12 Attorney, the Government failed to file its brief by the May 4
13 deadline. Kenney Decl. ¶¶ 2-4. In light of this error, the
14 Government now asks the Court to extend the time for filing an
15 opposition brief nunc pro tunc.

**II.  LEGAL STANDARD**

18 The Court may, at its discretion, "upon motion made after the
19 expiration of the specified period permit the act to be done where
20 the failure to act was the result of excusable neglect." Fed. R.
21 Civ. P. 6(b)(2). To determine whether or not the Government's
22 failure to file was the result of "excusable neglect," the Court
23 considers four factors: "(1) the danger of prejudice to the non-
24 moving party, (2) the length of delay and its potential impact on
25 judicial proceedings, (3) the reason for the delay, including
26 whether it was within the reasonable control of the movant, and
27 (4) whether the moving party's conduct was in good faith." Pincay

2

v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. P'ship, 507 U.S. 380, 395 (1993)).

### III. ANALYSIS

First, allowing the Government belatedly to oppose Dobbs's Motion to Rescind the Stay will not prejudice Dobbs. Dobbs objects to the Government's Opposition Brief, but does not explain why he would be prejudiced by the late filing. See Objection. Prior to March 30, 2007, when Dobbs filed three motions, this case had been stayed for nearly five months pending the outcome of the related criminal case. See Docket No. 21. The Government asserts, and Dobbs does not dispute, that the trial in the criminal case was delayed primarily because Dobbs requested multiple continuances. See Motion to Extend Time at 1-2; Objection at 3. Dobbs asserts that the delay in the criminal trial is immaterial because his summary judgment motion will not affect the criminal trial. Objection at 3. Even if Dobbs is correct, this goes to whether or not the Court should lift the stay, not to whether the Court should allow the Government to file its Opposition Brief after the deadline. The merits of the stay are not presently before the Court. Dobbs has offered no reason why he would be prejudiced if the Court allows the Government to file its brief now. Therefore, this factor favors granting the Government's Motion to Extend Time.

Second, the Government's untimely filing will not have a significant impact upon these proceedings. At present, this

3

litigation is stayed pending the outcome of a criminal trial which is not scheduled to start for three more months. As such, the only judicial proceeding which will be affected by the late filing is the resolution of Dobbs's Motion to Rescind Stay, which was originally scheduled for hearing on May 25. If the Government files its Opposition Brief in accordance with this Order, and Dobbs timely files a Reply, the total delay in resolving the Motion to Rescind Stay will be approximately one month. In litigation that has been pending for a year and a half and stayed for seven months, such a delay will not impact the proceedings significantly. Therefore, this factor also favors granting the Government's Motion to Extend Time.

Third, the Government's delay in filing was the result of Ms. Kenney's oversight, which, without more detail, would weigh against granting the Motion to Extend Time. Ms. Kenney offers two explanations for her failure to properly calendar the deadline for opposing Dobbs's Motion to Rescind Stay: (1) she was busy with intensive briefing in another, unrelated, forfeiture case and had an overwhelming case load; and (2) she was undergoing treatment for serious illness and injuries in the period leading up to the deadline and took a significant amount of sick leave. See Kenney Decl. ¶¶ 2-3. Dobbs correctly notes that Ms. Kenney could have, and should have, had someone else from the United States Attorney's office cover her caseload in her absence. Objection at 3. It is for this reason that Courts do not generally consider involvement in other cases to be excusable neglect. See, e.g., Gwaduri v. INS, 362 F.3d 1144, 1146 (9th Cir. 2004) (denying

4

1  Government's motion to file out of time, noting that "the excuse
2  offered by the government's attorney, that she was busy with other
3  work and so was unable file a request for such an extension or a
4  timely motion in opposition, is inadequate."); <u>Pinero Schroeder v.
5  Fed. Nat'l Mortgage Ass'n</u>, 574 F.2d 1117, 1118 (1st Cir. 1978)
6  ("We do not consider the fact that an attorney is busy on other
7  matters to fall within the definition of excusable neglect.").
8  This is not a per se rule against extending time, however.  <u>See
9  Pincay</u>, 389 F.3d at 860.  During this time, Ms. Kenney was also
10 recovering from extended cancer treatment, participating in
11 physical therapy for an injured knee, and having vision problems.
12 Kenney Decl., ¶ 3.  Taken as a whole, the circumstances which led
13 to the Government's failure to file do not weigh against granting
14 the Motion to Extend Time.
15      Finally, the Court has no reason to doubt that the Government
16 is acting in good faith.  The Government's counsel admitted
17 responsibility for the error, and upon realizing the mistake,
18 promptly filed the instant motion.  <u>See</u> Kenney Decl. ¶ 2.
19 Although Dobbs challenges the propriety of the Government's
20 seizure, he does not challenge the Government's good faith with
21 respect to the untimely filing.  This factor also weighs in favor
22 of allowing the Government to file its Opposition out of time.
23
24 **IV.  CONCLUSION**
25      Because the <u>Pioneer</u> factors favor a finding of excusable
26 neglect on the part of the Government, the Court hereby GRANTS the
27 Government's Motion to Extend Time, <u>Nunc Pro Tunc</u>, for Filing
28
                                   5

Opposition to Motion to Lift Stay.  The Court ORDERS the Government to file its Opposition Brief no later than seven (7) days following the date of this Order.  Dobbs may file a Reply Brief to the Government's Opposition no later than seven (7) days following the filing date of the Opposition.

IT IS SO ORDERED.

Dated: June 13, 2007

_____
UNITED STATES DISTRICT JUDGE