United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

$247,052.54, <u>et</u> <u>al.</u>,

                Defendants,

CODY K. DOBBS,

                Claimant.

No. C-05-4798 SC

ORDER DENYING MOTION
<u>TO RESCIND STAY</u>

## I.  <u>INTRODUCTION</u>

On November 14, 2006, the Court stayed this forfeiture action pursuant to a stipulation of the parties.  <u>See</u> Docket No. 21.  On March 30, 2007, Claimant Cody Dobbs ("Dobbs" or "Claimant") filed a motion to rescind the stay.  <u>See</u> Mot. to Rescind Order Pursuant to 18 U.S.C. § 981(g) Staying the Proceedings, Docket No. 24. Plaintiff, the United States of America ("Government") opposed the motion, and Dobbs replied.  <u>See</u> Docket Nos. 34, 35.  Dobbs seeks to rescind the agreed-upon stay so that the Court will hear his Motion for Summary Judgment, also filed on March 30, 2007.  <u>See</u>

1   Docket Nos. 24, 27.

2      Because the conditions warranting the stay have not changed,

3   and because lifting the stay would interfere with a related

4   criminal prosecution, the Court hereby DENIES Claimant's Motion.

5

6   **II.   BACKGROUND**

7      The Government brought a suit for forfeiture against

8   Defendants, $247,052.54 in funds, $10,000.00 in currency, 2005

9   Orange Kawasaki KFX400 ATV, and 2005 Green Kawasaki KFX400 ATV on

10  November 23, 2005.  See Compl., Docket No. 1.  The Government

11  alleges that Dobbs was involved in the manufacture and sale of

12  controlled substances, and that forfeiture is therefore proper

13  pursuant to 28 U.S.C. § 881(a).  Id. ¶¶ 15-20.

14     Dobbs was arrested and charged with violation of 21 U.S.C. §

15  846, Conspiracy to Manufacture and Possess with the Intent to

16  Distribute Marijuana, and violation of 21 U.S.C. § 841(a)(1),

17  Manufacture and Possession with Intent to Distribute Marijuana.

18  See Opp'n, Ex. 1.  Dobbs was indicted on October 26, 2006.  Id.

19     On November 8, 2006, Dobbs and the Government stipulated to

20  stay this matter pursuant to 18 U.S.C. § 981(g) until the criminal

21  case against Dobbs was resolved.[1]  See Docket No. 21.  The

22  criminal trial against Dobbs is set to begin on September 4, 2007.

23  _____

24     [1]Dobbs says he should not be bound by his previous stipulation
    because he retained new counsel after the parties reached that
25  agreement.  Reply, 4 ("Whatever Dobbs prior counsel decided was
    best for Dobbs in this matter by stipulating to the stay is not
26  relevant to the court's determination.").  This argument is
    baseless.  To hold otherwise would allow any civil litigant to
27  abandon an unfavorable stipulation by changing counsel.

28
                                    2

**United States District Court**
For the Northern District of California

Opp'n, 2.  The criminal trial has been subject to repeated delays;
the Government and Dobbs each assert that the other is responsible
for the delays.  <u>Id.</u>; Nick Decl., 1-2.

**III. <u>DISCUSSION</u>**

The Court may stay a forfeiture action upon the motion of
either the Government or the claimant, if certain conditions are
satisfied.  <u>See</u> 18 U.S.C. § 981(g).  Where the Government seeks a
stay, it must show that civil discovery will "adversely affect the
ability of the Government to conduct a related criminal
investigation or the prosecution of a related criminal case."  18
U.S.C. § 981(g)(1).  Where the claimant seeks a stay, he must show
that (1) he is the subject of a related criminal investigation or
case; (2) that he has standing to assert a claim in the forfeiture
action; and (3) that failure to stay the case will burden the
claimant's right against self-incrimination in the related
criminal investigation or case.  <u>See</u> 18 U.S.C. § 981(g)(2).

Dobbs argues that because he does not seek any discovery in
the civil action, discovery can not adversely affect the criminal
prosecution.[2]  <u>See</u> Mot. to Rescind, 5.  Dobbs is not the only
party that might want discovery in this action, however.  The
Government seeks and is entitled to conduct discovery.  <u>See</u> Opp'n,

---

[2]That Dobbs frames the issue as a question of whether or not
the Government can qualify for a stay is disingenuous at best.  The
Government is not moving for a stay, and need not move for one,
because Dobbs already agreed to a stay.  Similarly, Dobbs suggests
that the Government is not entitled to a continuance of summary
judgment under Rule 56(f).  <u>See</u> Mot. to Rescind, 6-8.  Because the
case is stayed, there is no properly-filed motion for summary
judgment, and there is nothing to continue.

**United States District Court**
For the Northern District of California

2, 5-6; Fed. R. Civ. P. 56(f) (where affidavits are not sufficient, the Court may allow a party opposing summary judgment to conduct discovery).

Moving forward with discovery in this action may have a serious adverse impact on the criminal case against Dobbs.  The factual allegations underlying the two cases are very similar.  Compare Compl., ¶¶ 7-13, with Indictment, Opp'n, Ex. 1, 1-2.  Both relate to the search of Dobbs's property at 750 Bear Pen Canyon and the seizure of approximately 2,300 marijuana plants and 245 pounds of marijuana trimmings during that search.  To prove that the Defendants in this case are linked to the sale and distribution of marijuana, and therefore subject to forfeiture, the Government will have to prove many of the same facts it will need to prove in the criminal case.  The risk of an adverse effect on the criminal case is clear.  The Government asserts that it would need to depose certain witnesses - Edward Shield and Wade Trabue - to proceed on its forfeiture claims.  See Opp'n, 5.  Both are also witnesses with knowledge relevant to the criminal case, and deposing them now would allow Dobbs the opportunity to cross-examine them in advance of trial, potentially exposing the Government's strategy for trial, or requiring them to divulge information related to the criminal case.  Dobbs simply ignores this concern.  The Government would also require testimonial declarations from law enforcement officers, whose testimony will play a central role in the criminal trial, creating additional risks.  See id., 6.

The Government also maintains that it requires additional

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

written discovery in order to oppose Dobbs's summary judgment motion, to prepare its own motion, and to proceed on the merits if the Court does not grant summary judgment.  See Opp'n, 4,6.

For his part, Dobbs claims that the foregoing discovery is unnecessary and will not help the Government overcome the purportedly undisputed facts on which he rests his summary judgment motion.  See Reply, 1-4.  To conclude that Dobbs's summary judgment position is so strong that the Government cannot conduct any meaningful discovery to support its opposition would be to evaluate this currently stayed case on the merits.  The Court will not indulge Dobbs in this regard.  The question now before the Court is not whether the particular discovery the Government seeks is appropriate.  Nor is it whether or not the Government can succeed on the merits if the case goes forward.  Rather, the only question the Court decides here is whether to lift the stay.

Dobbs's reliance on United States v. 20832 Big Rock Drive, 51 F.3d 1402, 1411 (9th Cir. 1995) ("Big Rock"), is misplaced.  If relevant at all, that case addresses the merits of the forfeiture action, not the propriety of a stay.  In Big Rock, the Ninth Circuit addressed two issues: the due process requirements when the government seizes property in a forfeiture action, and the "innocent owner" exclusion from forfeiture, where someone uses drug money to buy an asset without knowing the illicit source of the funds.  Id. at 1405-06, 1410-11.  Neither issue is relevant.

Should the Court agree that the Government is entitled to discovery, Dobbs suggests that a protective order, as authorized

5

by 18 U.S.C. § 981(g)(3), would address the Government's concerns while allowing him to proceed with his summary judgment motion. <u>See</u> Mot. to Rescind, 6-8.  A protective order would only be helpful if the Government were seeking to limit Dobbs's discovery. However, because the discovery the <u>Government</u> desires in the forfeiture action would be harmful to the criminal prosecution, there is no practical way to proceed here without risking an adverse effect on the criminal case.

**IV.   <u>CONCLUSION</u>**

Dobbs agreed that this case should be stayed pursuant to 18 U.S.C. § 981(g).  Other than Dobbs's lawyer, nothing has changed since that agreement, and the stay remains appropriate.  Lifting the stay in this case could adversely affect the prosecution of the criminal case against Dobbs.  For all of the foregoing reasons, the Court DENIES Claimant's Motion to Rescind Order Pursuant to 18 U.S.C. § 981(g) Staying the Proceedings.

Because the matter remains stayed until the resolution of the related criminal case, the Court VACATES Dobbs's Motion for Summary Judgment.  When the conditions warranting the stay are no longer present, Dobbs may re-notice his motion.


IT IS SO ORDERED.


Dated: July 6, 2007

UNITED STATES DISTRICT JUDGE